IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY JONES,

    Plaintiff,                       CV F 03 5469 OWW WMW P

  vs.                             ORDER GRANTING LEAVE TO
                                   AMEND THE COMPLAINT

MTA. JOHNSON, et al.,

    Defendants.

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint. Plaintiff, formerly incarcerated at Pleasant Valley State Prison in Coalinga (PVSP), brings this civil rights action against defendant correctional officials employed by the Department of Corrections at PVSP. Plaintiff names the following individual defendants: Medical Technical Assistant (MTA) Johnson; MTA Brewer; Chief Medical Officer Klarich; Warden Gail Lewis.

Plaintiff's claim in this complaint is that defendants were deliberately indifferent to his serious medical needs. Specifically, plaintiff alleges that defendants mis-diagnosed a broken finger. Plaintiff alleges that he injured his finger on June 22, 2002. Plaintiff was involved in mutual combat with another inmate. Plaintiff alleges that Brewer diagnosis was

"simply being a swollen hand and nothing more." Plaintiff was later diagnosed by a physician with a broken finger. Plaintiff alleges that the injury was left untreated "for such a long period of time, the finger set itself back in an abnormal manner, which has now limited the use of the plaintiff's right hand to as low as 60%."

Plaintiff alleges generally that MTA Jones "failed to perform her duties as a MTA in a professional and respectful manner." Plaintiff advised Jones that his finger was broken, yet she "denied plaintiff the proper medical attention."

Plaintiff does specifically allege that on July 8, 2002, that he informed Brewer that his finger was broken. Brewer advised plaintiff that it was not broken, but was swollen. Brewer denied plaintiff's request to see a doctor. Plaintiff alleges that Brewer "failed to properly examine" plaintiff's finger.

As to Dr. Klarich, plaintiff alleges that he was informed by Dr. Kim that plaintiff "is in emergency need of off sight medical treatment for his broken right phalanx finger." Plaintiff alleges that Dr. Klarich "failed to perform his duties within a reasonable time frame." Specifically, plaintiff alleges that, because of Dr. Klarich's conduct, plaintiff's finger "had already set itself back, but in an abnormal manner." Plaintiff alleges that he suffers permanent injury as a result.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical

treatment." Id. at 1132.

As to Dr. Klarich, plaintiff has alleged facts sufficient to state a claim for relief. The facts alleged indicate that Dr. Klarich was advised that plaintiff needed to be sent to an outside hospital for treatment. Dr. Klarich's delay in doing so caused permanent injury.

As to MTA Brewer and Johnson, plaintiff's allegations indicate that they mis-diagnosed plaintiff as having a swollen hand.  In order to state a claim for relief, plaintiff must allege facts that indicate deliberate indifference.  Though Brewer and Johnson and charged with denying plaintiff permission to see a doctor, the facts of the compliant indicate that they did so based on their diagnosis of a swollen hand.  Liberally construed, plaintiff has alleged, at most, negligence. . "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

As to Warden Lewis, plaintiff alleges that she knew of the conduct of the defendants, yet failed to respond.  Plaintiff may not hold Warden Lewis liable based on her supervisory position. Plaintiff must allege some facts indicating that she was personally involved.  A supervisor may be liable under § 1983 only if there exists either "'(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)); see also MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995).    Plaintiff

has failed to allege such facts. Warden Lewis should therefore be dismissed.

Because plaintiff has failed to state a claim for relief as to defendants Johnson, Brewer and Lewis, they should be dismissed. The court will, however, grant plaintiff an opportunity to file an amended complaint to cure the defects. Should plaintiff choose not to amend the complaint, this action will proceed on the original complaint against Dr. Klarich. The court will recommend dismissal of the remaining defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that defendants Brewer, Johnson and Lewis be dismissed.

IT IS SO ORDERED.

Dated:   **June 16, 2005**            /s/  William M. Wunderlich
mmkd34                         UNITED STATES MAGISTRATE JUDGE