IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY JONES,

    Plaintiff,　　　　　　　　　　　CV F 03 5469 OWW WMW P

  vs.　　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATION

MTA. JOHNSON, et al.,

    Defendants.

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint. Plaintiff, formerly incarcerated at Pleasant Valley State Prison in Coalinga (PVSP), brings this civil rights action against defendant correctional officials employed by the Department of Corrections at PVSP. Plaintiff names the following individual defendants: Medical Technical Assistant (MTA) Johnson; MTA Brewer; Chief Medical Officer Klarich; Warden Gail Lewis.

Plaintiff's claim in this complaint is that defendants were deliberately indifferent to his serious medical needs. Specifically, plaintiff alleges that defendants mis-diagnosed a broken finger. Plaintiff alleges that he injured his finger on June 22, 2002. Plaintiff was involved in mutual combat with another inmate. Plaintiff alleges that Brewer's diagnosis was

1  "simply being a swollen hand and nothing more."  Plaintiff was later diagnosed by a physician
2  with a broken finger.  Plaintiff alleges that the injury was left untreated "for such a long period
3  of time, the finger set itself back in an abnormal manner, which has now limited the use of the
4  plaintiff's right hand to as low as 60%."

5  Plaintiff alleges generally that MTA Jones "failed to perform her duties as a MTA
6  in a professional and respectful manner."  Plaintiff advised Jones that his finger was broken, yet
7  she "denied plaintiff the proper medical attention."

8  Plaintiff does specifically allege that on July 8, 2002, that he informed Brewer
9  that his finger was broken.  Brewer advised plaintiff that it was not broken, but was swollen.
10  Brewer denied plaintiff's request to see a doctor.  Plaintiff alleges that Brewer "failed to properly
11  examine" plaintiff's finger.

12  As to Dr. Klarich, plaintiff alleges that he was informed by Dr. Kim that plaintiff
13  "is in emergency need of off sight medical treatment for his broken right phalanx finger."
14  Plaintiff alleges that Dr. Klarich "failed to perform his duties within a reasonable time frame."
15  Specifically, plaintiff alleges that, because of Dr. Klarich's conduct, plaintiff's finger "had
16  already set itself back, but in an abnormal manner."  Plaintiff alleges that he suffers permanent
17  injury as a result.

18  Under the Eighth Amendment, the government has an obligation to provide
19  medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.
20  2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual
21  punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.
22  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to
23  evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."
24  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second,
25  a court must determine whether "officials intentionally interfered with [the plaintiff's] medical
26

1  treatment." Id. at 1132.

2  　　　　　As to Dr. Klarich, plaintiff has alleged facts sufficient to state a claim for relief.
3  The facts alleged indicate that Dr. Klarich was advised that plaintiff needed to be sent to an
4  outside hospital for treatment.  Dr. Klarich's delay in doing so caused permanent injury.

5  　　　　　As to MTA Brewer and Johnson, plaintiff's allegations indicate that they mis-
6  diagnosed plaintiff as having a swollen hand.   In order to state a claim for relief, plaintiff must
7  allege facts that indicate deliberate indifference.  Though Brewer and Johnson and charged with
8  denying plaintiff permission to see a doctor, the facts of the compliant indicate that they did so
9  based on their diagnosis of a swollen hand.    Liberally construed, plaintiff has alleged, at most,
10 negligence. . "[A] complaint that a physician has been negligent in diagnosing or treating a
11 medical condition does not state a valid claim of medical mistreatment under the Eighth
12 Amendment.  Medical malpractice does not become a constitutional violation merely because the
13 victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern,
14 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992),
15 overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en
16 banc).  Even gross negligence is insufficient to establish deliberate indifference to serious
17 medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

18 　　　　　As to Warden Lewis, plaintiff alleges that she knew of the conduct of the
19 defendants, yet failed to respond.   Plaintiff may not hold Warden Lewis liable based on her
20 supervisory position.  Plaintiff must allege some facts indicating that she was personally
21 involved.  A supervisor may be liable under § 1983 only if there exists either "'(1) his or her
22 personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
23 between the supervisor's wrongful conduct and the constitutional violation.'" Redman v. County
24 of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(quoting Hansen v. Black, 885 F.2d 642, 646
25 (9th Cir. 1989)); see also MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995).    Plaintiff
26

1  has failed to allege such facts.  Warden Lewis should therefore be dismissed.

2    Because plaintiff has failed to state a claim for relief as to defendants Johnson, Brewer and Lewis, they should be dismissed.  Accordingly, IT IS HEREBY RECOMMENDED that defendants Lewis, Brewer and Johnson be dismissed.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 24, 2006**          **/s/  William M. Wunderlich**
mmkd34                               UNITED STATES MAGISTRATE JUDGE